# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TIMOTHY WAYNE SMITH,          :
      Petitioner          :    CIVIL ACTION No. 3:13-CV-0897
                :    (Judge Nealon)
      v.          :    (Magistrate Judge Schwab)
                :
PA STATE ATTORNEY          :
GENERAL,[1]          :
      Respondent          :

## MEMORANDUM

On April 5, 2013, Petitioner, Timothy Wayne Smith, an inmate currently

incarcerated at State Correctional Institution-Smithfield, Huntingdon,

Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254.  (Doc. 1).  Presently before the Court is Magistrate Judge Susan E.

Schwab's Report recommending that the petition be dismissed as untimely.  (Doc.

30).  Petitioner has filed timely objections to the Report and Recommendation.

(Doc. 31).  No response has been filed to Petitioner's objections, and the time to

---

[1] Pursuant to 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the proper respondent in a federal habeas corpus action is the person having custody over the petitioner.  See Alleyne v. Rozum, 2007 U.S. Dist. LEXIS 40888, at *3 (M.D. Pa. 2007) (finding that the proper respondent for a section 2254 habeas corpus petition is the petitioner's custodial official at the state correctional institution where the petitioner is confined).  Here, the proper respondent would be the custodial official at the State Correctional Institution-Smithfield, Huntingdon, Pennsylvania.  See (Doc. 27).  Therefore, the "PA State Attorney General" is not the proper respondent.

file such a response has passed.  See M.D. Pa. L.R. 72.3.  Therefore, the matter is

now ripe for disposition.  For the reasons set forth below, the petition will be

dismissed as untimely.

## I.     BACKGROUND

On January 23, 2008, the Commonwealth of Pennsylvania charged

Petitioner with attempted first degree murder, two (2) counts of aggravated

assault, burglary, rape by forcible compulsion, and terroristic threats.

Commonwealth v. Smith, CP-44-CR-232-2008.[2]  On March 3, 2009, Petitioner

plead guilty to charges of attempted murder and sexual assault.  Id.  On that same

date, Petitioner was sentenced to fifteen (15) to forty (40) years of incarceration

for the attempted murder charge and five (5) to ten (10) years concurrently for the

sexual assault charge.  Id.  On April 3, 2009, Petitioner's conviction and sentence

became final.

On April 16, 2009, Petitioner filed a notice of appeal with the Pennsylvania

Superior Court.  Id.  On February 17, 2010, Petitioner's direct appeal was

dismissed by the Pennsylvania Superior Court as untimely.  Commonwealth v.

---

[2] This Court takes judicial notice of the Mifflin County Court of Common
Pleas' docket sheet in Commonwealth v. Smith, CP-44-CR-232-2008, which is
available through Pennsylvania's Unified Judicial Docket System docket research
at: http://ujsportal.pacourts.us/.

Smith, 659 MDA 2009 (Pa. Super. Ct. Feb. 17, 2010).[3]  On April 8, 2010,

Petitioner filed his first Post Conviction Relief Act ("PCRA") petition.

Commonwealth v. Smith, CP-44-CR-232-2008.  On December 3, 2010, the PCRA

court denied Petitioner's PCRA petition.  Id.  No appeal was taken from that order.

Consequently, the denial of Petitioner's first PCRA petition became final on or

around January 3, 2011.

On April 8, 2011, Petitioner filed his second PCRA petition.  Id.  On April

20, 2011, the PCRA court issued notice of its intent to dismiss the PCRA petition

pursuant to Pennsylvania Rule of Criminal Procedure 907 because the claims

raised had been previously litigated.  Id.  By order entered May 11, 2011, and

amended on May 23, 2011, Petitioner's second PCRA petition was denied and

dismissed on the grounds that the claims were previously litigated.  Id.  On June

21, 2011, Petitioner appealed this decision to the Pennsylvania Superior Court.  Id.

On June 13, 2012, the Superior Court affirmed the PCRA court's dismissal

of Petitioner's second PCRA petition.  Commonwealth v. Smith, 1805 MDA 2011

---

[3] This Court takes judicial notice of the Pennsylvania Superior Court's
docket sheet in Commonwealth v. Smith, 659 MDA 2009, which is available
through Pennsylvania's Unified Judicial Docket System docket research at:
http://ujsportal.pacourts.us./.

(Pa. Super. Ct. June 13, 2012);[4] (Doc. 18-7).  However, while the Superior Court affirmed the PCRA court's dismissal of Petitioner's second PCRA petition, it did so on a different basis.  Commonwealth v. Smith, 1805 MDA 2011.  Instead of affirming the lower court's decision on the ground that all issues in Petitioner's second PCRA petition were previously litigated, the Superior Court affirmed the dismissal of Petitioner's second PCRA petition because it determined that the petition was untimely.  Id. at p. 1.  The Superior Court stated that "[a]ny petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9595(b)(1)(i), (ii), and (iii) applies."  Id. at p. 3.  The Superior Court noted that Petitioner's "direct appeal was quashed on February 17, 2010, making his judgment of sentence final on April 3, 2009, for purposes of section 9545."  Id.  Therefore, the Superior Court concluded, "a timely PCRA petition, including a second petition, had to be filed by April 5, 2010.[footnote omitted]"  Id. at p. 4.  However, Petitioner's "second PCRA petition was filed on April 8, 2011."  Id. at p. 3.  Consequently, since Petitioner

---

[4]  This Court takes judicial notice of the Pennsylvania Superior Court's docket sheet in Commonwealth v. Smith, 1805 MDA 2011, which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us./.

failed to plead any exceptions to the "PCRA's time bar," and having found that the appeal arose from "an untimely-filed petition," the Superior Court held that it had "no jurisdiction to grant relief and" affirmed the PCRA court's dismissal "on that basis." Commonwealth v. Smith, 1805 MDA 2011, p. 4.

On July 6, 2012, Petitioner filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. Commonwealth v. Smith, 555 MAL 2012.[5] On November 20, 2012, that petition was denied. Id.

Over four (4) months later, on April 5, 2013, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On June 12, 2013, Respondent filed a response to the petition and supporting exhibits. (Docs. 16-18).

On July 16, 2014, Magistrate Judge Schwab issued an Order indicating to the parties that she "conducted a preliminary Rule 4 screening and the respondent has not raised the statute of limitations issue, [she] 'must accord the parties fair notice and [an] opportunity to present their positions.'" (Doc. 22, pp. 1-2) (second alteration in original) (quoting Day v. McDonough, 547 U.S. 198, 209-10 (2006)).

---

[5] This Court takes judicial notice of the Pennsylvania Supreme Court's docket sheet in Commonwealth v. Smith, 555 MAL 2012, which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us./.

Magistrate Judge Schwab also found that "[a]lthough the respondent did not raise this particular issue when answering [Petitioner's] petition, it does not appear that the limitations defense has been deliberately and intelligently forfeited." (Doc. 22, pp. 1-2) (citing Wood v. Milyard, 132 S. Ct. 1826 (2012)). As a result, Magistrate Judge Schwab ordered, inter alia, that Petitioner "on or before August 18, 2014, shall file a brief addressing the timeliness issue and matters of equitable tolling." (Id.).

On August 18, 2014, Petitioner filed a brief in response to the July 16, 2014 Order issued by Magistrate Judge Schwab.[6]  (Doc. 24).  Petitioner argued that his petition was timely filed because "the final judgment of conviction in a state court [was] the Supreme Court of Pennsylvania in November of 2012." (Id. at p. 11) (citing Doc. 1, p. 14).

On August 29, 2014, Respondent filed a brief in opposition to the timeliness of Petitioner's writ of habeas corpus. (Doc. 25). On September 15, 2014, Petitioner filed a reply to Respondent's brief in opposition.[7] (Doc. 26).

---

[6] Notably, Petitioner's brief is dated August 14, 2014. (Doc. 24, p. 14). Also, the envelope in which the brief was mailed bears an August 14, 2014 postmark. (Id. at p. 24).

[7] Petitioner's reply brief is dated September 11, 2014. (Doc. 26, p. 4). The envelope in which the reply was mailed bears a September 12, 2014 postmark. (Id. at p. 10).

On December 28, 2015, Magistrate Judge Schwab issued a Report recommending that Petitioner's petition for a writ of habeas corpus be denied as untimely.  (Doc. 30, pp. 5-10).  Initially, Magistrate Judge Schwab found that "on April 8, 2010, after six days of the one-year statute of limitations had elapsed, [Petitioner] successfully tolled the limitations period when he filed his first timely PCRA petition."  (Id. at p. 7).  According to Magistrate Judge Schwab, "[t]he statute remained tolled until January 2, 2011, when the time period expired for [Petitioner] to seek review of the denial of his PCRA petition with the Superior Court of Pennsylvania.[footnote omitted]"  (Id.).  Thus, "statute began running again, and although [Petitioner] filed a second PCRA petition on April 8, 2011, the Superior Court of Pennsylvania treated the petition as 'untimely-filed.'"  (Id.) (citing Commonwealth v. Smith, 1805 MDA 2011; (Doc. 18-7)).  Consequently, Magistrate Judge Schwab concluded that "[b]ecause an untimely PCRA petition is not 'properly filed,' [Petitioner's] second PCRA petition did not toll the one-year statute of limitations."  (Id.) (citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005)).  As a result of the forgoing, Magistrate Judge Schwab recommends that the statute of limitations began to run "until it expired on December of 2011." (Id.).  However, as noted above, Petitioner filed the above-captioned action on April 5, 2013.  (Doc. 1).

Consequently, Magistrate Judge Schwab then assessed whether the application of equitable tolling was warranted and thus, could render Petitioner's petition timely filed.  (Doc. 30, pp. 8-9).  Magistrate Judge Schwab found that Petitioner "presents no evidence to account for his delay in seeking habeas relief in federal court, nor does he indicate that extraordinary circumstances obstructed his pursuant of post-conviction relief."  (Id. at p. 9).  "Rather, he simply argues that his petition is timely."  (Id.).  "Consequently," Magistrate Judge Schwab determined, "we are unable to conclude that 'principles of equity would make the rigid application of a limitation period unfair.'"  (Id.) (quoting Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012)).  As a result of the foregoing, Magistrate Judge Schwab recommends that the petition be denied because it is "barred by 28 U.S.C. § 2244(d)(1)'s statute of limitations."  (Id.).

On January 13, 2016, Petitioner filed objections to the Report and Recommendation.  (Doc. 31).  In particular, the Petitioner objects to Magistrate Judge Schwab's recommendation that equitable tolling is not warranted under the present circumstances.  (Id. at p. 1).  Petitioner argues that, while his petition

> may have been filed beyond the 1-year filing deadline, this occurred as a direct result by the egregious misconduct of Petitioner's first state PCRA counsel and, thus, this Court should grant equitable tolling and entertain his pending claims for habeas corpus relief.

(Doc. 31, p. 1).  Petitioner claims that he

> was forced to rely on Attorney McClenhan who knew
> [Petitioner] had no clue about proper filing in the Court yet he
> failed to advise [Petitioner] as to when the Second Petitioner
> and Habeas Corpus should be filed when he suggested
> [Petitioner] file a Second PCRA Petition on him for not
> preserving [Petitioner's] issues.

(Id. at p. 6).  "Therefore," Petitioner concludes, "equitable tolling comes into play

because [he] was not properly advised by appointed counsel."  (Id.).

## II.    STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72, a party may serve and file

"specific written objections to the proposed findings and recommendations."  FED.

R. CIV. P. 72.  Under Local Rule 72.3, such written objections "shall specifically

identify the portions of the proposed findings, recommendations or report to which

objection is made and the basis for such objections."  M.D. Pa. L.R. 72.3.  The

district court may accept, reject, or modify, in whole or in part, the findings and

recommendations contained in the report.  28 U.S.C. § 636(b)(1)(C); M.D. Pa.

L.R. 72.3.  When objections to a report and recommendation have been filed under

28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those

portions of the report to which specific objections are made.  Sample v. Diecks,

885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir.

1984) ("providing a complete <u>de novo</u> determination where only a general

objection to the report is offered would undermine the efficiency the magistrate

system as meant to contribute to the judicial process"); <u>Mutombo v. Carl</u>, 2003

U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.).  "[T]he court should review

uncontested portions for clear error or manifest injustice."  <u>Boldrini v.</u>

<u>Ammerman</u>, 2014 U.S. Dist. LEXIS 157443, at *3 (M.D. Pa. 2014) (Caputo, J.)

(citing <u>Cruz v. Chater</u>, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (Vanaskie, J.)[8]).

## III.   <u>DISCUSSION</u>

### A.   <u>Statutory Tolling of the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") Statute of Limitations</u>

Initially, while Petitioner has filed objections to Magistrate Judge Schwab's

Report and Recommendation, he did not object to the portion of Magistrate Judge

Schwab's Report and Recommendation applying statutory tolling to the AEDPA's

statute of limitations to the present circumstances.  <u>See</u> (Doc. 31).  Thus, that

portion of the Report and Recommendation will be reviewed for clear error or

manifest injustice.  <u>Haley v. Holt</u>, 2015 WL 300505, at *9 (M.D. Pa. Jan. 22,

2015) (Mariani, J.); <u>Boldrini</u>, 2014 U.S. Dist. LEXIS 157443, at *3 (citing <u>Cruz</u>,

990 F. Supp. at 376-77).

_____

[8] Subsequently, Judge Vanaskie was elevated to the United States Court of Appeals for the Third Circuit.

Petitioner was sentenced on March 3, 2009.  Commonwealth v. Smith, CP-44-CR-232-2008.  On April 3, 2009, Petitioner's conviction and sentence became final upon the expiration of the thirty (30) day period that he was allowed to take a direct appeal after his sentencing.  See  PA. R. APP. P. 903.  On April 16, 2009, Petitioner filed a direct appeal.  Commonwealth v. Smith, CP-44-CR-232-2008.  On February 17, 2010, the Pennsylvania Superior Court quashed Petitioner's direct appeal because it was deemed untimely.  Commonwealth v. Smith, 659 MDA 2009.  Thus, even assuming, without deciding, that Petitioner's time to file a federal habeas petition began to run on February 17, 2010, his April 5, 2013 petition was untimely.  See Darden v. Sobina, 477 F. App'x 912, 916 (3d Cir. 2012) (non-precedential) (Pennsylvania Superior Court's determination that direct appeal was untimely put the petitioner on notice "that his window to file a federal habeas petition already had opened, [28 U.S.C.] § 2244(d)(1)(A) . . . .").

Therefore, as correctly determined by Magistrate Judge Schwab, Petitioner must rely on a tolling of AEDPA's one-year limitations period to avoid dismissal. (Doc. 30, pp. 8-9).  "The statute of limitations for federal habeas corpus petitions is subject to two tolling exceptions: (1) statutory tolling during the time a 'properly filed' application for state post-conviction review is pending in state court and (2) equitable tolling, a judicially crafted exception."  Merritt v. Blaine,

326 F.3d 157, 161 (3d Cir. 2003) (citing <u>Jones v. Morton</u>, 195 F.3d 153, 158 (3d Cir. 1999)).

As noted above, Magistrate Judge Schwab found that Petitioner successfully tolled the limitations period when he timely filed his first PCRA petition on April 8, 2010.  (Doc. 30, p. 7).  According to Magistrate Judge Schwab, "[t]he statute remained tolled until January 2, 2011, when the time period expired for [Petitioner] to seek review of the denial of his PCRA petition with the Superior Court of Pennsylvania.[footnote omitted]"  (<u>Id.</u>).  Thus, Magistrate Judge Schwab found that the "statute began running again, and although [Petitioner] filed a second PCRA petition on April 8, 2011, the Superior Court of Pennsylvania treated the petition as 'untimely-filed.'"  (<u>Id.</u>) (citing <u>Commonwealth v. Smith</u>, 1805 MDA 2011).  As a result, Magistrate Judge Schwab concluded that "[b]ecause an untimely PCRA petition is not 'properly filed,' [Petitioner's] second PCRA petition did not toll the one-year statute of limitations."  (<u>Id.</u>) (citing <u>Pace</u>, 544 U.S. at 417).  Therefore, Magistrate Judge Schwab recommends that the statute of limitations began to run "until it expired on December of 2011."  (<u>Id.</u>).

While it is determined that Magistrate Judge Schwab's overall recommendation that applying statutory tolling to the instant petition fails render it timely filed passes review for clear error, the details of that determination require

further discussion.

Notably, there appears to be an unresolved question as to whether Petitioner's first PCRA was timely filed. Specifically, any PCRA petition must be filed within one year of the date the judgment becomes final, unless one of three statutory exceptions applies.[9] See 42 Pa.C.S. § 9545. As discussed briefly above, it appears that Petitioner's judgment became final on April 3, 2009, when the time period allowed for filing a direct appeal expired. Commonwealth v. Smith, 659 MDA 2009. Thus, according to the Pennsylvania Superior Court, Petitioner had until April 5, 2010, to file a timely PCRA petition and thus, avail himself of the AEDPA's statutory tolling provision. Commonwealth v. Smith, 1805 MDA 2011,

---

[9] The exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

13

p. 4; <u>see</u> 28 U.S.C. § 2244(d).  But, it appears that Petitioner did not file his first

PCRA petition until April 8, 2010.  <u>Commonwealth v. Smith</u>, CP-44-CR-232-

2008.  Consequently, Petitioner's first PCRA petition may not have been properly

filed for purposes of tolling the AEDPA's statute of limitations.  <u>Pace</u>, 544 U.S. at

417; <u>see</u> 28 U.S.C. § 2244(d).

 Nevertheless, the Court will give every benefit of the doubt to the Petitioner

and thus, assume, without deciding, that Petitioner's first PCRA petition was

timely filed for the purposes of the above-captioned action.  But, as determined by

Magistrate Judge Schwab and discussed below, the statutory tolling of the

AEDPA's statute of limitations using Petitioner's first PCRA petition will not

render the instant petition timely filed.

 Specifically, Petitioner's first PCRA petition was denied on December 3,

2010.  <u>Commonwealth v. Smith</u>, CP-44-CR-232-2008.  Petitioner did not appeal

the denial of his first PCRA petition.  <u>Id.</u>  As such, the determination as to

Petitioner's first PCRA petition became final on January 3, 2011.  <u>Id.</u>  Therefore,

Petitioner had until December 2011 to file his federal habeas petition absent

further tolling of the statute.

 On April 8, 2011, Petitioner filed a second PCRA petition.  <u>Id.</u>  On May 23,

2011, Petitioner's second PCRA petition was denied.  <u>Id.</u>  On October 4, 2011, the

14

Pennsylvania Superior Court issued an order granting Petitioner's "application for relief" and directed the "Clerk of Courts . . . to file [Petitioner's] pro se notice of appeal as of June 21, 2011, and to forward a copy of the notice of appeal to this Court." Commonwealth v. Smith, 59 MDM 2011 (Pa. Super. Ct. Oct. 4, 2011).[10] As discussed above, on June 13, 2012, the Pennsylvania Superior Court affirmed the PCRA court's denial of Petitioner's second PCRA petition. Commonwealth v. Smith, 1805 MDA 2011. However, the Superior Court did not affirm on the grounds relied upon by the PCRA court, but rather ruled that the PCRA be denied as being untimely. Id. Consequently, Petitioner's untimely second PCRA did not toll the AEDPA's statute of limitations. See Pace, 544 U.S. at 412-13, 417; see also Merritt, 326 F.3d at 165-66 n.6; Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).

Based on the foregoing, Magistrate Judge Schwab's application of the AEDPA's statutory tolling is free of clear error. Thus, Magistrate Judge Schwab's recommendation regarding the application of statutory tolling to the above-captioned action will be adopted. Therefore, absent circumstances warranting the

---

[10] This Court takes judicial notice of the Pennsylvania Superior Court's docket sheet in Commonwealth v. Smith, 59 MDM 2011, which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us./.

application of equitable tolling, Petitioner's petition for writ of habeas corpus will be dismissed as untimely.

### B.   Equitable Tolling of AEDPA's Statute of Limitations

Initially, Petitioner, in response to Magistrate Judge Schwab's July 16, 2014 order directing the parties to address the timeliness of Petitioner's petition, argued that his petition "was on time from the Supreme Court of Pennsylvania decision." (Doc. 24, p. 9).  Specifically, Petitioner asserted that "the Honorable Judge will discover the final judgment of conviction in a state court the Supreme Court of Pennsylvania in November 2012."  (Id. at p. 11).  Petitioner continued by asserting that he "believed once [the Court] check[s] they will discover [Petitioner] was on time with his petition under 28 U.S.C. [§] 2254."  (Id. at p. 13).  Nowhere in his brief does Petitioner raise any arguments in an attempt to establish equitable tolling to the instant circumstances.  See (Id.).  Furthermore, nowhere in his reply brief does Petitioner attempt to advance any arguments to establish that he is entitled to equitable tolling.  See (Doc. 26).

As stated above, Magistrate Judge Schwab recommends that equitable tolling is not warranted under the present circumstances because Petitioner presented "no evidence to account for his delay in seeking habeas relief in federal court, nor does he indicate that extraordinary circumstances obstructed his pursuit

of post-conviction relief."  (Doc. 30, p. 9).  "Rather," Magistrate Judge Schwab found, "he simply argues that his petition is timely."  (Id.).  As a result, Magistrate Judge Schwab concluded that equitable tolling should not apply and thus, Petitioner's petition be barred by the AEDPA's statute of limitations.  (Id.).

In his objections to Magistrate Judge Schwab's Report and Recommendation, Petitioner argues, for the first time, that he is entitled to equitable tolling of the AEDPA's statute of limitations.  (Doc. 31).  Specifically, Petitioner claims that his attorney for his first PCRA petition, Matthew McClenahen, advised him to, among other things, file a second PCRA petition. (Id. at p. 11).  According to Petitioner, "Attorney McClenahen did not tell [him that he] only had until January 2, 2011, to file the second PCRA but instead from past conversation with [Attorney McClenahen, Petitioner] felt [he] had one year to file [his] Second PCRA and Habeas Corpus."  (Id. at p. 5).  "Thus," Petitioner concludes, this is "the reason [his] filing was viewed as untimely."  (Id. at pp. 5-6).

An argument is waived when a party fails "to raise it before the magistrate judge in the first instance."  Kelly v. Wells Fargo Bank, N.A., 2015 U.S. Dist. LEXIS 37524, at *24-25 (M.D. Pa. Mar. 25, 2015) (Conner, J.) (citing Kern v. Schuykill Intermediate Unit 29, 2010 U.S. Dist. LEXIS 94855 (M.D. Pa. 2010) (Kane, J.) (citing Laborers' Int'l Union of N.A., AFL-CIO v. Foster Wheeler

Corp., 26 F.3d 375, 398 (3d Cir. 1994); Jimenez v. Barnhart, 46 F. App'x 684, 684

(3d Cir. 2002)); Hubbard v. Pleasant Valley Sch. Dist., 2006 U.S. Dist. LEXIS

1351 (M.D. Pa. 2006) (Vanaskie, J.) (quoting Marshall v. Chater, 75 F.3d 1421,

1426 (10th Cir. 1996)); see Wisniewski v. Fisher, 2014 U.S. Dist. LEXIS 137096,

at *15-17 n.2 (M.D. Pa. 2014) (Mannion, J.) (citing Marshall, 75 F.3d at 1426;

Jimenez, 46 F. App'x at 684 ("because Appellant raised the argument that she is

entitled to a closed period of disability for the first time in her objections to the

Magistrate Judge's Report and Recommendations, and not in her opening brief,

we deem this argument waived."); Heston v. Comm'r of Soc. Sec., 245 F. 3d 528,

535 (6th Cir. 2001)).  Here, Petitioner's argument that equitable tolling is

warranted was raised for the first time in his objections to the Report and

Recommendation.  (Doc. 31, pp. 1-14); see (Docs. 1, 24, 26).  Therefore,

Petitioner's equitable tolling claim was waived when he failed to raise such an

argument before Magistrate Judge Schwab.

Even assuming that Petitioner's argument as to equitable tolling was not

waived and thus, the portions of Magistrate Judge Schwab's Report and

Recommendation that are the subject of Petitioner's objections were subject to a

de novo review, his argument fails to establish that equitable tolling is warranted

here.

"A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations." Barnes v. Harlow, 2015 U.S. Dist. LEXIS 54406, at *3 (M.D. Pa. Apr. 27, 2015) (Jones, J.) (citing Merritt, 326 F.3d at 161; Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002)). "Significantly, this statute of limitations is subject to equitable tolling only in extraordinary circumstances." Id. (citing Merritt, 326 F.3d at 161). "Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored." Id. "'Courts must be sparing in their use of equitable tolling' and only permit it where 'principles of equity would make rigid application of a limitation period unfair.'" Id. (quoting Sistrunk, 674 F.3d at 189). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his claims diligently; and (2) that some extraordinary circumstances stood in his way." Pace, 544 U.S. at 418. Additionally, equitable tolling may be warranted if the petitioner establishes that "(1) the state has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in a wrong forum." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citing Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)).

To the extent Petitioner claims that equitable tolling is warranted because

19

Attorney McClenahen allegedly provided erroneous advice regarding the filing of

his second PCRA petition, such a claim "is insufficient to trigger equitable

tolling." Barnes, 2015 U.S. Dist. LEXIS 54406, at *8 (the petitioner's "reliance

on his counsel's alleged erroneous advice is insufficient to trigger equitable

tolling."). Specifically, "[t]he Third Circuit has repeatedly found that in non-

capital cases, like this one, attorney error does not constitute the 'extraordinary

circumstances' necessary for equitable tolling." Id. (citing Schlueter v. Varner,

384 F.3d 69, 76 (3d Cir. 2004); Johnson, 314 F.3d at 163; Fahy, 240 F.3d at 244).

Therefore, Petitioner's attempt to establish that equitable tolling is warranted

because of his counsel's alleged erroneous advice fails.[11]

Consequently, Magistrate Judge Schwab's recommendation that equitable

tolling is not warranted under the present circumstances, (Doc. 30, p. 9), will be

---

[11] To the extent Petitioner relies on Martinez v. Ryan, 132 S. Ct. 1309 (2012), to establish equitable tolling, see (Doc. 31, p. 2), his reliance is misplaced. "There is a plethora of district court opinions finding that the Martinez decision did not allow for equitable tolling of the AEDPA deadlines in the context of ineffective assistance of counsel." Barnes, 2015 U.S. Dist. LEXIS 54406, at *8-9 (citing Silfies v. Walsh, 2013 U.S. Dist. LEXIS 84503 (M.D. Pa. 2013) (Kane, J.); Wilson v. Sweeney, 2014 U.S. Dist. LEXIS 23036 (D.N.J. 2014); Capers v. Walsh, 2012 U.S. Dist. LEXIS 159062 (E.D. Pa. 2012); Klingsberry v. Maryland, 2012 U.S. Dist. LEXIS 77746 (D. Md. 2012); Peeples v. Citta, 2012 U.S. Dist. LEXIS 52895 (D.N.J. 2012); Vogt v. Coleman, 2012 U.S. Dist. LEXIS 99767 (W.D. Pa. 2012); Stromberg v. Varano, 2012 U.S. Dist. LEXIS 95877 (E.D. Pa. 2012)).

adopted.

## IV.   **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 proceedings dictates that at the time an order denying a petition under 28 U.S.C. § 2254 is issued, the Court must determine whether a certificate of appealability ("COA") should issue pursuant to section 2253.  Pursuant to section 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The United States Supreme Court explains:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . .  Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Cooper v. United States, 2010 U.S. Dist. LEXIS 69600, at *25-26 (M.D. Pa. 2010) (Kane, J.).  Here, jurists of reason would not find the procedural disposition of this case debatable.

Accordingly, no COA will issue.

**V.      <u>CONCLUSION</u>**

Based on the foregoing, Magistrate Judge Schwab's Report and

Recommendation, (Doc. 30), will be adopted.  Petitioner's petition for habeas

corpus, (Doc. 1), will be dismissed as untimely under the statute of limitations.

<u>See</u> 28 U.S.C. § 2244(d).  A COA will not issue.

A separate Order will be issued.

Date: February 17, 2016                                    /s/ William J. Nealon_____
                                                        **United States District Judge**